JAMES D. MARTIN *v.* STATE OF INDIANA.

[No. 2-473A91. Filed September 5, 1973.
Rehearing denied October 12, 1973.]

*Richard A. Gole,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SHARP, J.—The Appellant, James D. Martin, was charged by affidavit with the offense of second degree burglary and was found guilty by a jury and was sentenced to the Indiana State Prison for a term of not less than two nor more than five years.

The Amended Affidavit in Two Counts, charges the appellant with breaking and entering the building and structure of Hoosier Photo Supplies, Inc., at 5330 North Tacoma in Indianapolis, Indiana, which structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over the property of said Hoosier Photo Supplies, Inc., and to deprive it of the use and benefit of said property. Count Two charged the Appellant with the unlawful and felonious entry of said structure with the intent to commit a felony therein, to-wit: to obtain and exert unauthorized control over the property of Hoosier Photo Supplies, Inc., and to deprive it of the use and benefit of said property.

At the trial, Officer Robert Treacy, of the Indianapolis Police Department, testified that on May 12, 1972, in the evening, he received a radio run to 5330 North Tacoma and was radioed to that address on a Circle Break-in Alarm. He arrived at that address at about 7:41 P.M. while it was still daylight. The officer looked through the glass on the overhead door and saw two men in the building. The lights were then on in the building. The officer first saw the Appellant running from the office inside the building towards the rear door and also observed the Appellant and another running south from the building towards a Blue and White Service Station. The officer returned to his patrol car and

put out a description of the two subjects, including Appellant. The officer next saw Appellant when he was apprehended in the parking lot of Jubilee City which is one block from said address, about 3 minutes from the time Appellant was first observed in said building. After arresting Appellant, advising him of his rights and searching him, this officer returned to said building and entered it with its owner. At that time, this officer observed a cigarette machine, coffee machine and a soft drink machine; all of which had been pried open and the coin boxes laying on the floor empty. The offices had been ransacked and there was a calculator laying on the office floor by the door. A flashlight and crowbar were found lying by the cigarette machine inside the building and were admitted in evidence. These two items did not belong to Hoosier Photo. At the time of his arrest, Appellant had $25.00 in United States Currency and $11.20 in United States Silver money on his person. The silver consisted of 39 quarters, 10 dimes and 9 nickels.

On both Direct and Cross Examination, Officer Treacy made a positive and unequivocal identification of the Appellant as the person he saw in and fleeing from said building.

Officer May of the Indianapolis Police Department testified that he heard the description put out by Treacy which was for two negro males, one wearing a red sweater. Officer May, after hearing the message, approached Jubilee City from the north and saw two negro males running towards the Jubilee City lot, and the Appellant was one of them, wearing a red sweater. May apprehended the Appellant and the other subject and discovered a gun on the person of the Appellant. He also testified that entry was forced at the rear door of 5330 North Tacoma.

The owner testified that the building at that address is strictly a place of business and it was closed about 5:30 or 6:00 P.M. on May 12, 1972, and all the doors were secured. He also stated that at about 6:00 P.M. that day, all of the

coin machines were normal and operative and that the crowbar and flashlight had never been seen by the owner before and did not belong to the owner. The owner never gave the Appellant permission to enter said premises. On the night in question, the back door had been forced open.

The clothing the Appellant was wearing on that evening was put into evidence and included a pink shift, short sleeves with one pocket.

The Appellant challenges the sufficiency of the evidence to sustain a conviction of Second Degree Burglary and the admission in evidence of the flashlight and crowbar.

## I.

As usual, we will consider only the evidence most favorable to the State with all logical and reasonable inferences in its favor to determine if this offense has been proven beyond a reasonable doubt. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E.2d 720. Likewise, we will not weigh the evidence nor determine the credibility of witnesses.

The material elements of second degree burglary are a breaking and entering a building or structure other than a place of human habitation or dwelling with the intent to commit a felony. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E.2d 502. The intent to commit a felony can be inferred from the circumstances of a particular case. *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E. 2d 537.

The Appellant challenges the eyewitness identification on the authority of *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N.E.2d 658. In *Gaddis, supra,* the eyewitness testimony was "vacillating, contradictory, and uncertain" and was "at best equivocal and the result of coercion". 251 N.E.2d 661. Here, just the opposite is the case because Treacy testified without equivocation. The jury

also had the chance to compare the clothing of the Appellant with the description reported by Treacy. To those unexpert in current styles, the difference between a shift and sweater may be semantical and the difference between pink and red may depend on the quality, quantity and location of light. The evidence on description and identification was sufficient to form the basis for the jury's verdict.

Recently this court held that "the uncorroborated identification evidence of a single eyewitness is sufficient to warrant a conviction". *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459. See also, *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504.

## II.

The Appellant also relies on *Faulkner* v. *State* (1973), 260 Ind. 82, 292 N.E.2d 594, wherein the court found that the property in the building was not missing or disturbed in any way. This is obviously not the case here. Neither are we dealing with mere presence and the kind of minimal disturbance found in *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6. We also have a different case here than *Spears* v. *State* (1970), 253 Ind. 370, 254 N.E.2d 203, because there the defendant has a right to be in the public telephone booth, while here he had no right to be in this building which was locked and secured.

The reasoning and result here are strongly supported by the same in *Lambert* v. *State* (1967), 252 Ind. 441, 249 N.E. 2d 502.

## III.

The Appellant next challenges the admission, over objection, into evidence of the crowbar and flashlight found on the premises. (The flashlight had the initials "S M" on the end.) A sufficient foundation was established to show that these

two items were found at this address on the night in question. They were found in front of a vending machine which had been pried open and money removed. The Appellant was present at the precise time and place. These items were not the property of the owner and had never been seen there before.

If the Appellant were charged with possession of burglary tools, he would no doubt have a good argument. However, these are relevant items of physical evidence to provide the jury with the total circumstances from which it could properly determine whether this particular crime was committed. In this context no reversible error was committed in their admission into evidence. There is the kind of continuity and identity that is required in *Fletcher* v. *State* (1970), 253 Ind. 468, 255 N.E.2d 217. The requirement of the so called "chain of evidence" set out in *Graham* v. *State* (1970), 253 Ind. 525, 255 N.E.2d 652, is present here.

We find that none of the errors asserted by the Appellant constitute reversible error and, therefore, this case is hereby affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 300 N.E.2d 671.