JERRY MILLER v. STATE OF INDIANA.

[No. 1-374A42. Filed September 25, 1974.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Jerry Miller, was charged by affidavit with entering a dwelling house to commit a felony. Trial was had with the jury finding Miller guilty as charged. Sentence was passed pursuant to the verdict, after which Miller timely filed his motion to correct errors which was by the court overruled.

The facts of the case, basically, are that Miller resided in a basement apartment with a private entrance which was located in a house occupied by Mrs. Busby. On July 25, 1973, Mrs. Busby returned to her home from work and discovered that her house had been forcibly entered and various articles stolen. Miller was subsequently arrested and charged.

An attorney was appointed for Miller in Kentucky to handle the extradition proceedings, after which Miller waived extradition to Indiana. Miller was taken into custody by detectives of the Evansville Police Department in Kentucky. Before any questions were asked of Miller by the detectives he was advised of his constitutional rights, pursuant to the decision in *Miranda* v. *State of Arizona* (1966), 384 U.S. 486, 86 S.Ct. 1602, 16 L.Ed. 694. Miller talked freely and thereupon told the officers that some of the missing property could be located at the home of his mother in Tennessee. The officers and Miller then went to said home and certain articles taken from Mrs. Busby's house were recovered.

The State sought to introduce certain of the articles recovered from the home in Tennessee, to which Miller objected on the grounds that the exhibits were admissions and were obtained illegally, due to the fact that Miller had not made a voluntary and knowing waiver of his constitutional rights under *Miranda, supra.* The trial court heard evidence outside of the presence of the jury on this issue and found that Miller had made a voluntary and knowing waiver and thereupon admitted said exhibits into evidence.

The only issue raised in the motion to correct errors and argued on appeal is whether the trial court erred in finding that Miller had waived his constitutional rights.

It is unquestioned that Indiana has recognized that certain rights must be given to a person accused of crime before any interrogation takes place, pursuant to the holding of the United States Supreme Court in *Miranda supra. Robbins* v. *State* (1968), 251 Ind. 313, 241 N.E.2d 148. However, our Supreme Court, in *Robbins, supra,* also held that a defendant can waive his constitutional rights under *Miranda, supra,* if such a waiver is knowingly, intelligently, and voluntarily made. It is within the province of the trial court to view the evidence relating to any alleged waiver and decide whether said waiver was knowingly and intelligently given.

In the case at bar there is conflicting evidence as to whether Miller did in fact waive his constitutional rights. However, when the evidence is conflicting as to whether a waiver was properly made, the court on appeal cannot disturb the ruling of the trial court based upon conflicting evidence. *Smith* v. *State* (1969), 252 Ind. 425, 249 N.E.2d 493. This court may consider only the evidence most favorable to the decision of the trial court and we must decide only whether the decision of the trial court is supported by sufficient evidence. *Hutts* v. *State* (1973), 157 Ind. App. 83, 298 N.E.2d 487.

The major contention by Miller is that the State has not borne its heavy burden to show that he voluntarily and intelligently waived his rights under *Miranda, supra.* Miller has argued that the State did not introduce any evidence of a written waiver by Miller and that no attorney was contacted for him. The evidence most favorable to the State discloses that the Evansville detectives read Miller his rights from a card which contained all of the rights required under *Miranda, supra.* An examination of the record discloses that Miller was clearly and fully advised of all of the rights prior to any questioning. At no time did Miller request that an attorney be present. Further, Miller did not refuse to answer any

questions and did not indicate at any time that he did not want to continue with any questioning.

Miller has inferred in his argument that his waiver was not intelligent due to the fact that he only had an eighth grade education. A similar argument was presented to our Supreme Court in the case of *Cooper* v. *State* (1974), 261 Ind. 659, 309 N.E.2d 807, where a criminal defendant signed a written waiver card. In *Cooper, supra,* the defendant had only a seventh grade education but was not illiterate and our Supreme Court held that it was not an abuse of discretion for the trial court to find that the State had borne its burden of showing that the defendant understood what he was signing. In the case at bar there is no evidence that Miller was illiterate or could not understand the rights that were given him by the detectives.

Miller has cited cases to this court where a defendant originally waived his constitutional rights but later indicated a reluctance to make a statement. These cases are not in point, since there is no evidence that Miller at any time following his waiver indicated that he did not wish to answer further questions or make any statements. To the contrary, the evidence discloses that Miller at no time refused to answer any questions and talked freely to the officers.

A further inference from Miller's argument is that the State has failed to bear its burden to show a knowing and intelligent waiver due to the fact that Miller did not sign any written waiver of his rights. This argument was presented to our Supreme Court in the case of *Hewitt* v. *State* (1973), 261 Ind. 71, 300 N.E.2d 94, where a defendant had refused to sign a written waiver but later made voluntary statements after he had been advised of his rights. Our Supreme Court discussed this problem as follows:

"... However, this Court has never held, nor do we find it stated in any other like case in another jurisdiction, that a defendant must sign a written waiver in order to comply with the constitutional requirement that he be advised of his constitutional

rights prior to any custodial interrogation as set out in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694." 300 N.E.2d at p. 98.

In the case at bar the evidence discloses that Miller was advised of his rights before any questioning took place. Additionally, there is no evidence that Miller was coerced by the detectives in any way.

Appellant attempted to show bad faith on the part of the officers who returned him to Indiana by testifying that the officers bought him a six-pack of beer. The record discloses that it was a hot day, and after appellant had voluntarily talked freely and openly to the officers and shown them to his mother's home in Paris, Tennessee, where a part of the loot taken in the robbery was recovered, he mentioned that he would like to have a cold beer. The officers did buy him a six-pack of cold beer and paid for it with money furnished by the defendant-appellant, and he was then permitted to partake of the spirits. This court is unable to determine that it is an unconstitutional act to purchase a beer for a person charged with crime so long as it is not furnished to him for the purpose of obtaining information under undue influence. We can find nothing legally wrong with the officers purchasing the beer for the defendant-appellant and, further, this transaction had no bearing on the waiver.

Under the authorities heretofore discussed in this opinion and the evidence in the record, it is our opinion that the trial court, after considering the totality of the circumstances, properly concluded that the State had met its burden of showing that Miller had made a voluntary, knowing and intelligent waiver of his constitutional rights. Having found a waiver of these rights there was no error in the admission into evidence of the State's exhibits in question.

Judgment affirmed.

Robertson, P.J. and Lybrook J., concur.

NOTE.—Reported at 316 N.E.2d 589.