WILLIAM HENRY FLETCHER *v.* STATE OF INDIANA.

[No. 2-974A232. Filed February 25, 1975. Rehearing denied April 7, 1975. Transfer granted January 29, 1976.]

*David F. McNamar, John Muller, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Fletcher, was charged by information with commission of a felony while armed. Trial was had to the court without a jury and Fletcher was found guilty as charged and sentenced pursuant to statute.

The facts most favorable to the State disclose that Fletcher was observed in the S & M Liquor Store in Indianapolis about 7:30 P.M. on the evening of August 16, 1973, by an employee of the store. About 9:30 on the same evening Fletcher entered the store and proceeded to rob the store at gunpoint. An employee was forced to give Fletcher money and thereupon was ordered to stay in a closet. Fletcher then demanded money from another employee of the store and fled.

The following day the employee was asked to view several books of mug shots at the police headquarters and positively identified Fletcher. A capias was issued for the arrest of Fletcher, who was subsequently apprehended on February 5, 1974. The store employee identified Fletcher at a line up held in the Marion County Jail. The other employee of the store was unable to identify Fletcher.

The first issue raised in this appeal is whether there was sufficient evidence to support the conviction.

Fletcher contends that the only evidence presented by the State in support of the conviction was the uncorroborated testimony by the employee. Fletcher points out several inconsistencies in the testimony of the eye witness in relation to the dress of Fletcher on the evening of the robbery, as well as an alleged inconsistency between the photograph taken by a camera in the store as compared to a photograph of Fletcher.

The test to be used on appeal when sufficiency of the evidence is raised was set out in the case of *Dockery* v. *State* (1974), 161 Ind. App. 681, 317 N.E.2d 453, 454, 455, as follows:

> "Where questions with regard to the sufficiency of evidence are raised, this court is bound to consider only that evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom which will support a finding of guilty. . . . [Citing cases.] Moreover, a reviewing court will abstain from weighing the evidence or determining the credibility of witnesses. . . . [Citing cases.]
>
> * * *

The weight accorded testimony regarding a witness' positive identification of the defendant is a matter which falls

exclusively within the province of the trier of fact . . . [Citing cases.] Moreover, it is to be noted that a conviction may be sustained upon the uncorroborated testimony of a single witness. . . . [Citing cases.]"

The employee of the store positively identified Fletcher as being the man who entered the store and robbed the same. The employee had ample opportunity to see Fletcher ▉▉ on the evening in question and his in-court identification was positive. This court will not weigh the conflicting evidence, as the weight to be given to evidence is a question for the trier of fact. *Chattman* v. *State* (1974), 160 Ind. App. 505, 312 N.E.2d 529. The uncorroborated identification evidence by the employee is sufficient to warrant the conviction. *Martin* v. *State* (1973), 157 Ind. App. 465, 300 N.E.2d 671.

The second issue in this appeal concerns the line up which was held subsequent to Fletcher's arrest in which the store employee again identified Fletcher. Fletcher argues that the line up was improper since Fletcher requested and was denied permission to have his attorney present. He also contends that the line up was unduly prejudicial. As a result of the alleged improper line up Fletcher argues that the evidence relating to that line up as well as the in-court identification by the employee should have been suppressed at the trial and that the admission of such evidence constitutes reversible error.

In the case at bar it is unnecessary for this court to make a determination as to the propriety or impropriety of the line up. The law is well settled that convictions based on ▉ eye witness identification at trial following a pre-trial identification will be set aside only if the pre-trial procedure was so improperly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E. 2d 109. When it is apparent from the circumstances of the case that a sufficient independent basis for the in-court identification exists then the conviction will not be disturbed

on appeal. *Hutts* v. *State* (1973), 157 Ind. App. 83, 298 N.E.2d 487.

In the case at bar the evidence discloses that the eye witness had ample opportunity to observe Fletcher on the evening of the robbery. The lighting in the store was excellent and Fletcher was in the presence of the eye witness for some time during the robbery. The eye witness had a further opportunity to observe Fletcher earlier in the same evening. It is our opinion that the testimony of the circumstances upon which the in-court identification is based is sufficiently independent of the pre-trial identification so as to demonstrate a sufficient independent basis for the in-court identification. Thus, no reversible error has been shown. *Lawson* v. *State* (1974), 159 Ind. App. 216, 306 N.E.2d 150.

The final issue in this appeal pertains to a question propounded to Fletcher on cross examination concerning his prior conviction for the crime of theft.

Fletcher objected to this question but said objection was overruled and when required to answer the question Fletcher admitted he had been convicted of theft. The theft conviction was obviously being used to impeach the credibility of Fletcher. The basis of this issue is the landmark case of *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, wherein it was held that evidence of prior convictions relating to the credibility of the witness were admissible only if the convictions were for crimes involving dishonesty or false statement or those crimes permitted to be used for impeachment pursuant to statute (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and willful and corrupt perjury). This criteria was applied to criminal cases in the case of *Dexter* v. *State* (1973), 260 Ind. 608, 297 N.E.2d 817.

It is the position of Fletcher that his conviction must be reversed since theft is not one of the enumerated crimes under *Dexter, supra,* and does not involve dishonesty or false statement. However, it is our opinion that we need not decide whether theft is a crime necessarily included in the *Ashton,*

*supra,* context. The record discloses that trial was had to the court in the case at bar without the intervention of a jury. The distinction between a court trial and a jury trial was discussed in the case of *King* v. *State* (1973), 155 Ind. App. 361, 292 N.E.2d 843 as follows:

". . . it has long been held in Indiana that harm arising from evidentiary error is lessened if not totally annulled when the trial is by the court sitting without a jury. . . .

What might very well constitute prejudicial error in the form of testimony given before a jury does not necessarily constitute prejudicial error in a trial to the court. It must be remembered that a trial judge is presumed to know the intricacies and refinements of the rules of evidence and that he sifts the evidence and weighs it in the light of his legal experience and expertise. He is thus able to separate the wheat from the chaff, ignoring the extraneous, the incompetent and the irrelevant and it is only when his judgment has apparently or obviously been infected by erroneously admitted evidence that we will set it aside. . . .

\* \* \*

. . . There is no indication that he relied upon the testimony here considered in making his determination." 292 N.E.2d at 846, 847.

It was held in the case of *Trinkle* v. *State* (1972), 259 Ind. 114, 284 N.E.2d 816, that in a trial before the court without a jury, it must be assumed on appeal that the trial court properly considered only admissible evidence. See also *United States* v. *Menk,* 406 F.2d 124 (7th Cir. 1968), cert. den. 395 U.S. 946, 89 S.Ct. 2019.

In the case at bar there is sufficient evidence to uphold the conviction of Fletcher with or without the evidence relating to the prior conviction for theft. The record indicates that the State did not follow up the admission by Fletcher of his prior conviction with any other evidence. Further, there is nothing in the record to indicate or infer that the trial court in any way relied upon the evidence of the prior conviction. We must presume that any alleged prejudicial effect resulting from the evidence of the prior conviction for theft would not constitute reversible error in a trial to the court

without a jury. *Johnson* v. *State* (1973), 157 Ind. App. 372, 300 N.E.2d 369.

Judgment affirmed.

Robertson, C.J., and Lybrook, J., concur.