LAWRENCE W. ERVIN *v.* STATE OF INDIANA.

[No. 372A132.  Filed November 16, 1972.]

Oral argument in this cause was held on October 6, 1972, at the Law School at Notre Dame University, South Bend, Indiana.

*Leo J. Lamberson,* St. Joseph County Public Defender, of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—In this appeal the following issues are presented for determination by this court: 1) whether the conviction of the defendant is supported by sufficient probative evidence; 2) whether the defendant was a victim of entrapment; 3) whether probable cause existed for the arrest of the defendant; and 4) whether the defendant was denied a fair trial because the trial court denied him the opportunity to argue before the jury and read to the jury "the entrapment case."

The defendant herein was charged by affidavit in two counts for the sale and possession of heroin. Trial was to a jury which returned its verdicts finding the defendant guilty of the sale of a narcotic drug, to-wit: heroin, as charged in Count I of the affidavit; and guilty of possession of a narcotic drug, to-wit: heroin, as charged in Count II of the affidavit. Judgment was entered on the verdicts of the jury. On Count I of the affidavit the defendant was sentenced to the Indiana State Reformatory for a period of not less than five, nor more than twenty years. On Count II of the affidavit the defendant was sentenced to the Indiana State Reformatory for a period of not less than five, nor more than ten years. The sentences were to run concurrently. The timely motion to correct errors filed by the defendant was overruled and this appeal followed.

On appeal, the first issue is whether the conviction of the defendant is supported by sufficient evidence.

It is well settled that in reviewing the record before us for sufficiency of the evidence, we may not weigh the evidence

nor judge the credibility of the witnesses. We may look only to the evidence most favorable to the finding of the trial court and the reasonable inferences flowing therefrom. The conviction will be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that defendant was guilty beyond a reasonable doubt. *McKinley* v. *State* (1972), 258 Ind. 348, 281 N.E.2d 91, 92; *Harris* v. *State* (1972), 258 Ind. 341, 281 N.E.2d 85, 86.

In the instant case, a review of the evidence in the record before us in support of the verdict of the jury reveals that on September 3, 1970, Timothy D. Carey was working for the South Bend Police Department as an undercover agent "to infiltrate Leeper Park and buy drugs." On that date, at about 9:00 P.M., Carey went to Leeper Park where he met another person, Mathew James Johnson, Jr., who also was known as "Highnes." Carey and Johnson left the park because "Highnes wanted to buy some Heroin." The two men went to 208 East Indiana in South Bend and at such address were five people, one of which was the defendant. Johnson asked defendant-Ervin if Ervin knew where they could get some heroin. Ervin said, "Yes," and Ervin, Johnson and Carey left in Carey's car. They went to Ervin's apartment, and from there to the corner of Michigan and Sample Streets where Ervin got out and made a phone call. Ervin came back to the car and told Carey to drive east on Sample Street approximately six blocks, and then told him to turn south. After going about a block and a half, Ervin told Carey to stop the car. Cary testified that Ervin then said, "Okay, give me the five dollars apiece and I will go get the Heroin." Carey and Johnson each gave Ervin five dollars. Ervin "got out of the car and left." He returned after "four or five minutes." The three then went back to Ervin's apartment where Carey received a white capsule from Ervin. Ervin and Johnson then injected themselves from the contents of Johnson's capsule. The contents of the capsule given to Carey by

defendant-Ervin were subsequently identified by the Bureau of Narcotic and Dangerous Drugs as 22% heroin hydrochloride.

We conclude that the foregoing facts provide sufficient probative evidence to support the conviction of defendant-Ervin.

It is appellant's contention that the testimony of Carey is prejudiced and racially biased, and that it lacks probative value. To repeat what we have heretofore stated, it is the function of the trial court, not this court on review, to weigh the evidence and judge the credibility of the witnesses. Where, as here, the judgment of the trial court is supported by substantial evidence of probative value from which it could reasonably be inferred that the defendant is guilty beyond a reasonable doubt, it will not be disturbed on appeal.

Another contention argued by defendant-appellant is that no probable cause existed for his arrest. Even though this contention is not contained in appellant's motion to correct errors, we will note in passing why this contention is without merit.

The affidavits filed prior to the probable cause hearing from which the arrest warrant resulted contained not only the allegations of the crimes charged, but also sufficient underlying facts and circumstances to allow a neutral and detached magistrate to draw his own conclusion as to the existence of probable cause. See: *Kinnaird* v. *State* (1968), 251 Ind. 506, 514, 242 N.E.2d 500, 506, 16 Ind. Dec. 250.

Furthermore, it has often been held that the legality of the arrest has no relevancy, on appeal, where, as here, no question is raised as to the admissibility of any evidence or a search based upon the arrest. *Farmer* v. *State* (1971), 257 Ind. 511, 275 N.E.2d 783, 785; *Wells* v. *State* (1971), 256 Ind. 161, 267 N.E.2d 371, 372; *Dickens* v. *State* (1970), 254 Ind. 388, 260 N.E.2d 578, 22 Ind. Dec. 164; *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489, 15 Ind. Dec. 363.

A third issue raised in this appeal is whether appellant was denied a fair trial because the trial court "denied Defendant's opportunity to argue before the Jury," and to read to the jury "the entrapment case."

The State correctly points out that there is nothing in the record to indicate what argument was made or what, if any, objection was raised. Furthermore, the conduct of counsel in presenting argument to the jury lies within the discretion of the trial court whose judgment will not be set aside absent a showing of abuse of discretion. *Soucie* v. *State* (1941), 218 Ind. 215, 31 N.E.2d 1018. The appellant herein has failed to show an abuse of discretion on the part of the trial court.

The final issue argued by appellant is that he was a victim of entrapment.

Initially, we point out that the defense of entrapment need not be specially pleaded. *Sorrells* v. *United States* (1932), 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413. In the instant case, however, the defense of entrapment was not raised at all prior to the abovementioned attempt to read "the entrapment case" to the jury. Entrapment was not raised in the pleadings, entrapment was not the basis for objection to the admission of any evidence, no instructions on entrapment were requested to be given to the jury, and a reasonable reading of the motion to correct errors leaves some doubt as to whether this specific allegation of error was presented to the trial court. We are moved to hold that no error has been preserved. See: *Casey* v. *United States* (1928), 276 U.S. 413, 48 S. Ct. 373, 72 L. Ed. 632. We are constrained, however, to hold that regardless of the lack of preservation of the defense of entrapment, the evidence would not support such defense.

The law of this jurisdiction regarding the defense of entrapment is ably set forth in the following decisions of our Supreme Court. *Smith* v. *State* (1972), 258 Ind. 415, 281

N.E.2d 803; *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641, 23 Ind. Dec. 104; *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793, 12 Ind. Dec. 218.

As is here applicable the above cases generally hold that where the idea of committing a crime originated with law enforcement officers or their agents, and the accused had no previous intent to violate the law but is induced by the police or their agents to commit a crime, he is the victim of entrapment. In such cases, the prosecution of the crime is estopped by sound public policy. However, where an accused already had the readiness and willingness to break the law, the fact that the police provide a favorable opportunity to commit a crime is not entrapment.

In the instant case, the evidence most favorable to the State shows that Carey went to a place where drugs were believed to be sold and met another man, Johnson, who wanted to buy heroin.

Carey was merely a party to criminal conduct initiated by a third party, Johnson. Carey did not create the opportunity for crime nor was there any plan or scheme to trap a particular individual. At most, the evidence shows that Carey, during the course of an investigation, acquired evidence of unlawful conduct and was a party thereto. Such is not entrapment.

The defendant having shown no reversible error, the judgment of conviction of the trial court is affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 289 N.E.2d 131.