## WHEALER CHEEKS *v.* STATE OF INDIANA.

[No. 2-572A1. Filed February 21, 1973. Rehearing denied April 10, 1973.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz, III,* Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, P.J.—Defendant-appellant Whealer Cheeks (Cheeks) was found guilty by the Marion County Criminal Court, Division One, of Possession of Heroin in violation of

the 1935 Narcotics Act (as amended) and seeks reversal because of admission of "tainted" evidence secured as the product of an illegal warrantless arrest (lack of probable cause).

We affirm.

## FACTS

A recital of the evidence most favorable to the State and the judgment below is as follows:

On July 7, 1971, Indianapolis Police Officers Crawford and Mukes were approached in the 2500 block of Martindale Avenue by an informant who told them that Cheeks had narcotics in his possession. After determining the informant had no narcotics in his possession they provided him with money with which to make a purchase from Cheeks. Keeping the informant under constant surveillance (with a pair of field glasses), the officers watched as the informant entered Douglas Park from Martindale Avenue and approached Cheeks. The officers observed an exchange take place between them, but were too far away to discern the object exchanged. Still under surveillance, the informant returned to the officers and handed them a package containing a white substance, which, when field tested, proved to be heroin.

The officers then entered the park and approached Cheeks, who stood up and began to walk away from them. As he did so the officers observed that he dropped an aspirin can to the ground. While Crawford asked Cheeks for identification, Mukes retrieved the can and field tested its contents, establishing that it contained heroin. Cheeks was arrested and charged with the possession of the heroin found in the aspirin can.

On February 11, 1972, a hearing was held on Cheeks' Motion to Suppress Evidence which consisted of the narcotics found in the aspirin can. During the hearing, Officer Crawford testified that the informant was known to him and had been used "several times" in the past, on which occasions convictions had been obtained. The trial court in overruling the Motion to Suppress found probable cause existed to arrest Cheeks with-

out a warrant and that the narcotics dropped by Cheeks were therefore admissible in evidence.

At the trial, the testimony regarding the reliability of the informant was not repeated. After overruling Cheeks' objection to the admission of the narcotics, the court found Cheeks guilty of Possession of Heroin and sentenced him to not less than two nor more than ten years imprisonment.

## ISSUES

While Cheeks' Brief fails to meet some of the requirements of Rule AP. 8.3, it does present three issues for determination.

ISSUE ONE.  Did the trial court err in overruling the Motion to Suppress Evidence because there was lack of probable cause for Cheeks' warrantless arrest?

ISSUE TWO.  Must the State prove as part of its case-in-chief that Cheeks' arrest was lawful in order to introduce evidence of Cheeks' possession of narcotics?

ISSUE THREE.  Did the use of an informant to purchase narcotics from Cheeks under these circumstances constitute entrapment?

Relating to ISSUE ONE, Cheeks maintains the arrest was faulty because the officers were at such a distance from the transaction they could not see money or narcotics change hands and therefore the arrest was illegal and the evidence stemming from it inadmissible as "fruit of the poisonous tree."

The State counters that the officers not only had reliable information prior to the arrest, but verified that information by having the informant purchase narcotics from Cheeks, thus assuring probable cause for the arrest.

As to ISSUE TWO, Cheeks argues that the State must reintroduce evidence as to the reliability of the informant

during the trial itself in order to establish probable cause for the arrest.

The State answers that the court may take judicial notice of the admissibility of evidence introduced in a prior proceeding which was the product of a search incident to a lawful arrest.

Relating to ISSUE THREE, Cheeks raises for the first time on appeal the contention that the unjustifiable use of the informant constituted entrapment, and that all subsequent investigation was therefore tainted.

## DECISION

### ISSUE ONE.

CONCLUSION—It is our opinion that, because probable cause existed for Cheeks' warrantless arrest, the trial court properly overruled Cheeks' Motion to Suppress Evidence.

The burden was on the State at the Suppression Hearing to establish probable cause for Cheeks' warrantless arrest and the seizure of narcotics in Cheeks' possession incident to that arrest: *Smith* v. *State, post.* It did so by showing information received by the police came from a reliable informant whose information on previous occasions resulted in convictions.

In addition, the police officers provided the informant with money with which to make the narcotics purchase after first searching him to be certain there were no narcotics on his person. Keeping the informant under continuous surveillance with a pair of field glasses, they then watched him approach Cheeks make an exchange, and return to the officers. On his return, the informant presented the officers with a tinfoil packet which, when field tested by the officers, proved to contain heroin.

This careful procedure more than satisfied the test for probable cause expounded in *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133, 136:

"The test for probable cause to make an arrest is whether at the time of the arrest the facts and circumstances within the knowledge of the officers and of which they had reasonable trustworthy information were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense. Williams v. State (1969), 253 Ind. 316, 253 N.E.2d 242; Peterson v. State (1968), 250 Ind. 269, 234 N.E.2d 488; Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142."

When relying on information obtained from an informant, "the informer must be shown to be reliable," according to the rules laid down in *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56, 58. Such reliability was amply demonstrated.

ISSUE TWO.

CONCLUSION—It is our opinion that evidence of Cheeks' possession of narcotics at the time of his arrest was properly admitted at the trial because that issue was resolved at the prior Hearing on Cheeks' Motion to Suppress Evidence.

Cheeks submits, without any supporting authority whatsoever, that the State's failure to introduce evidence at the trial proving a lawful arrest, or incorporating by reference the evidence brought out during the Suppression Hearing, constitutes a failure to demonstrate a lawful arrest and therefore evidence introduced at the trial of Cheeks' Possession of Narcotics was inadmissible.

The issue of the legality of Cheeks' warrantless arrest was decided by the trial court at the Suppression Hearing, and at the subsequent trial of the cause the trial court could take judicial notice of its prior ruling that Cheeks' arrest was legal. *State ex rel. Townsend* v. *Tipton Circuit Court* (1961), 242 Ind. 226, 177 N.E.2d 590; IC 1971 35-10-2-2, Ind. Ann. Stat. § 9-3303 (Burns 1956).

The legality of an arrest has no bearing on whether a defendant should be convicted of a crime and is a question for

the court, not the jury. *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489; *Sprague* v. *State* (1932), 203 Ind. 581, 181 N.E. 507.

Judge Lowdermilk, of the First District of this court, persausively disposed of Checks' contention that the State must prove as part of its case-in-chief that his arrest was lawful in order to introduce evidence of possession of narcotics:

> "The legality or illegality of the arrest in question has no bearing on the guilt or innocence of the defendant in this case. The issue of arrest is pertinent only to the question of the admissibility of the evidence seized in the search incident to that arrest. A separate hearing, outside the presence of the jury, is held to determine the admissibility of evidence when tested by a Motion to Suppress, as was done in this case. If the court should determine that the search or arrest were illegal or unreasonable, then the evidence would not be admitted. To allow counsel to raise the issue of the legality of the arrest at trial would emasculate the earlier hearing on the Motion to Suppress and would, in effect, allow the jury to decide whether the arrest was valid and the necessary corollary issue of the admissibility of evidence." *Mann* v. *State* (1973), 155 Ind. App. 261, 292 N.E.2d 635.

The issue of the legality of the arrest being established, it was then incumbent upon the State to prove each element of the crime (which it did):

> "* * * the State has the burden of proof in a criminal action, to prove all elements of the offense charged and to show that the crime was committed by the accused * * *." *Dillon* v. *State* (1971), 257 Ind. 514, 275 N.E.2d 312, 314.

Cheeks' lawful arrest having been established at the Suppression Hearing, evidence of his possession of narcotics resulting therefrom was properly admitted by the trial court.

ISSUE THREE.

CONCLUSION—It is our opinion that the use of the informant under these circumstances did not constitute entrapment.

While entrapment was not assigned as error in Cheek's Motion to Correct Errors, we note in passing that the law enforcement officers did not "create" the crime and induce Cheek to violate the law where he had no previous intention of doing so. *Gray* v. *State* (1967), 249 Ind. 629, 231 N.E.2d 793; *Smith* v. *State* (1972), 258 Ind. 415, 281 N.E.2d 803.

It can hardly be said that the intent to possess the heroin found in Cheeks' possession originated with the police: he possessed it before they began their investigation, and retained possession absent any encouragement from the officers.

The evidence introduced at trial was validly obtained in a search incident to a lawful arrest, and the trial court was correct in overruling the Motion to Suppress and the objection to the admission of the evidence. The evidence supports the trial court's finding of guilty, and the judgment is affirmed.

White and Sullivan, JJ., concur.