TONIE SKIPWORTH *v.* STATE OF INDIANA.

[No. 2-674A140.  Filed November 7, 1974.  Rehearing denied
December 11, 1974.]

*David F. McNamar, Steers, Klee, Sullivan, McNamar &
Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,*
Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Tonie Skipworth
(Skipworth), was charged by Information with the crime
of first degree burglary. Skipworth subsequently filed a no-
tice of alibi. Thereafter, trial was had to the court without
the intervention of a jury and Skipworth was found guilty
of entering to commit a felony. Skipworth then filed a motion
to correct errors and an amended motion to correct errors,
both of which were overruled. This appeal follows.

A statement of facts most favorable to the State is as
follows: One Charles Combs testified for the State that on
or about November 15, 1973, he found that the rear door of
his home had been broken down and that a shotgun, camera
and radio had been removed. Combs positively identified each
of the items at trial by their various unique characteristics.

The State's next witness was Donald Venatter, who testified that he and Skipworth were together on the night of November 14, 1973, and that they were "Looking for a place to burglarize." Venatter stated that he and Skipworth did, in fact, break into a house and remove therefrom a radio, electric comb, camera, and shotgun and that these items were then taken to the home of appellant Skipworth. The police shortly thereafter arrived at the Skipworth residence and were admitted by Venatter, in the presence of and without objection by Skipworth. Both Venatter and Skipworth were arrested at that time, and Venatter directed police to remove from the Skipworth home those items obtained in the burglary. At trial, Venatter identified all of the above items as those which had been removed from the Skipworth residence, except the electric comb, which was not offered into evidence.

The only issue presented for review is whether the evidence was sufficient to sustain the conviction.

Appellant Skipworth argues that there was no evidence he was in the Combs residence; that Venatter's testimony was uncorroborated and impeached; and that his alibi was corroborated and, therefore, should be believed.

Appellant Skipworth concedes that the uncorroborated testimony of an accomplice is sufficient to support a conviction. *Glover* v. *State* (1970), 255 Ind. 304, 263 N.E.2d 723; *Black* v. *State* (1973), 261 Ind. 410, 304 N.E.2d 781. However, Skipworth contends that Venatter's testimony was totally discredited and therefore his testimony should not be believed. In support of this contention Skipworth points out that although Venatter had stated he made no deals with the prosecutor regarding his testimony in this case, Venatter, in fact, received a suspended sentence on other pending charges. The appellant thus concludes that where a witness, such as Venatter, is *totally* discredited, this court should weigh the credibility of the witness.

In *Black* v. *State, supra,* our Supreme Court determined that:

"This Court has often said that the credibility of the witness and the weight to be given the testimony are matters for the trier of fact. This Court on appeal will not substitute its judgment for that of the jury or the trial judge. *Hash* v. *State* (1973), [259] Ind. [683], 291 N.E.2d 367, 34 Ind. Dec. 635." 304 N.E.2d at p. 783.

The trial judge had the witnesses before him and it was for him to determine credibility and assign weight to the evidence. The testimony of Venatter and Combs, as set out above, was sufficient to satisfy all elements of both the crime charged and the lesser included offense, of which Skipworth was convicted. The trial judge, as trier of fact, was not required to believe the alibi or the witnesses in support thereof. *Wimes* v. *State* (1974), 160 Ind. App. 218, 311 N.E.2d 459.

We find the evidence sufficient to support the conviction.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 318 N.E.2d 370.