WILLIAM D. RELEFORD *v.* STATE OF INDIANA.

[No. 2-174A29. Filed April 1, 1975.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—In a two count indictment filed February 16, 1971, defendant-appellant (Releford) was charged with possessing and selling heroin in violation of the 1935 Narcotic Act (as amended). After an initial plea of not guilty on March 24, 1971, Releford entered a plea of guilty to Count I of the indictment (possession) and requested a jury trial as to Count II (sale).

Trial was begun on November 15, 1971, and Releford was subsequently found guilty as charged. Judgment was entered on the verdict and Releford was sentenced under Count II to a prison term of not less than five years nor more than twenty years.

The facts most favorable to the State disclose that pursuant to information received from an informer, Officer Michael Grable of the Indianapolis Police Department made arrangements to make a buy of narcotics from Releford. Upon approaching Releford, Grable was asked if he was the one who wanted the "stuff" and Releford entered Grable's car and directed Grable and the informant to an apartment. Grable

supplied Releford with $10.00, Releford left the car in which they were riding, and returned several minutes later, stating that he had the "stuff." The trio together returned to Releford's home and as Releford left the vehicle Grable observed him place two yellow capsules on the seat of the car. Releford was at that time arrested for narcotics violation.

Releford's argument on appeal is stated as follows:

"Addressed to the argument that the court erred in refusing to grant the defendant's motion for a finding of not guilty both at the conclusion of the state's evidence and at the conclusion of defendant's evidence; and that the evidence presented at trial was not sufficient to sustain the jury's verdict; i.e. the decision of the jury was contrary to law."

We note, however, that the greater portion of appellant's brief is dedicated to discussion of the defense of entrapment. However, for the reason stated below, we need not consider appellant's arguments pertaining to this defense.

The defense of entrapment is not made a part of any of Releford's pleadings;[1] entrapment was not the basis for any objections to the admission of evidence; entrapment was not raised in a pre-trial motion to suppress evidence and this defense is not raised in any manner in the motion to correct errors. The only reference to the defense of entrapment is contained in Releford's only tendered instruction which was read to the jury without objection from the State. Inasmuch as Releford failed to adequately raise and preserve the issue of entrapment prior to his argument presented here on appeal we must conclude that no error has been preserved for our consideration. *Ervin* v. *State* (1972), 154 Ind. App. 89, 289 N.E.2d 131, 134; Ind. Rules of Procedure, Trial Rule 59(B) and Trial Rule 59(G), which is, in part, as follows:

"(G) Motion to correct error is condition to appeal. . . . Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. . . ."

1. In the case of *Ervin* v. *State* (1972), 154 Ind. App. 89, 289 N.E. 2d 131, this court held that entrapment need not be pleaded separately as a defense.

Releford, however, asks this court to consider his entrapment argument because it is "fundamental". Releford cites the case of *Cheeks* v. *State* (1973), 155 Ind. App. 277, 292 N.E.2d 856 in support of this argument. We do not find *Cheeks* supportive of appellant's argument. The court in *Cheeks* did not hold that the defense of entrapment was so fundamental that usual appellate procedures could be bypassed. Rather, the court considered the entrapment issue "in passing" even though it was not mentioned in the motion to correct errors.

The doctrine of "fundamental" or "plain" error requires that a substantial infringement of defendant's right to due process be shown. The error must be such that the defendant could not have had a fair trial. *Ervin* v. *State* (1973), 158 Ind. App. 594, 303 N.E.2d 835; *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827. It is our opinion that Releford's defense of entrapment is not so "fundamental" that we may consider it on appeal when the issue has not been preserved at trial or in the motion to correct errors.

A consideration of the entrapment issue would amount to an abolishment of TR. 59 (B) and TR. 59 (G).

Therefore, the only issues for us to consider are:

(1) Whether it was error for the trial court to overrule Releford's motions for directed verdict; and

(2) Whether the evidence was sufficient to sustain the conviction.

It is the law in Indiana that:

" 'A directed verdict is only proper where there is a total absence of evidence on some essential issue required to convict, or where the evidence is without conflict and susceptible to only one inference in favor of the accused. *Davis* v. *State* (1968), [251] Ind. [133], 239 N.E.2d 601; *Hardin* v. *State* (1964), 246 Ind. 23, 201 N.E.2d 333, 202 N.E.2d 164.'

In *Holiday* v. *State* (1970), 254 Ind. 85, 257 N.E.2d 679, in passing on the requirements of a directed verdict, the court said:

'To avoid a directed verdict the State merely has to make out a prima facie case.'" *State* v. *Overmyer* (1973), 155 Ind. App. 689, 294 N.E.2d 172, 173.

It is our opinion that the facts set out above are sufficient to establish a prima facie case for the sale of heroin. Therefore, the overruling of Releford's motions for a directed verdict was not error.

In reviewing the sufficiency of the evidence we will not determine credibility of witnesses nor weigh the evidence. We must uphold the conviction if there is substantive evidence of probative value from which the jury could infer guilt. *Skipworth* v. *State* (1974), 162 Ind. App. 157, 318 N.E.2d 370.

Releford argues that he was convicted on the uncorroborated testimony of Officer Grable. Further, Releford contends that the laboratory tests as to the substance seized were incomplete and inconclusive and that it was possible that the substance contained no more than 5% heroin.

It is the law in this State that a conviction may rest on the uncorroborated testimony of a single witness. *Hines* v. *State* (1929), 89 Ind. App. 152, 166 N.E. 20; *Winfield* v. *State* (1967), 248 Ind. 95, 223 N.E.2d 576; *Bryant* v. *State* (1973), 157 Ind. App. 198, 299 N.E.2d 200.

The testimony of Officer Grable established that Releford stated to Grable that he would have to "go get" the drugs; that Releford accompanied Grable and the informer in Grable's car and gave directions to the apartment where the drugs were apparently purchased; that Releford stated upon re-entering the car that he had the drugs and that Grable observed Releford lay two capsules on the seat of the car.

Finally, as to the tests conducted on the substance which was seized, we note that there were several preliminary tests performed and four further tests, which were positive as to the presence of heroin. The fact that the percentage of heroin

was or could have been very low does not alter the fact that the tests were conclusive as to the presence of heroin and that the substance seized was possessed and sold by Releford.

Based on the above facts it is our opinion that the evidence was sufficient to sustain the verdict and that the verdict and judgment were not contrary to law.

Finding no reversible error the judgment is affirmed.

Robertson, C.J. and Lybrook, J., concur.