BRENDA THURSTON *v.* STATE OF INDIANA.

[No. 2-275A33. Filed June 28, 1976.]

544

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Appellant was convicted, in a trial to the court without a jury, of selling a controlled substance, heroin. The transaction, from which the conviction arose, occurred on the evening of December 28, 1973 between the defendant and an informant of the Indianapolis Police Department, who was an acquaintance of the defendant, in a bar while two police officers waited in a nearby parked car. Allegedly, after salutory remarks were exchanged between the informant and defendant, the informant made a casual reference to his desire to buy narcotics, to which the defendant indicated that she was able to satisfy his wish.

The exchange of a narcotic for mony was made in the bar, and the defendant was shortly thereafter arrested and charged with a violation of the Indiana Controlled Substances Act, IC 1971, 35-24.1-4-1(a), Ind. Ann. Stat. § 10-3561 (Burns Supp. 1973).[1]

The defendant argues that the facts presented at trial disclose that the defendant was entrapped by the police authorities. She further argues that the evidence as a whole is insufficient to support the fact-finder's conclusion of guilt.

1. The statute was repealed in 1975 and replaced by Ind. Ann. Stat. § 35-24.1-4.1-1 (Burns 1975).

## I.

## ENTRAPMENT

The defendant set forth in her motion to correct errors:

"1. That the State failed to show sufficient evidence with which to obtain a conviction in the above cause.

2. Necessary evidence for a Drug Conviction was lacking as no 'field test' was given to check for Heroin; the $10.00 given to the informer was never proven as marked money; the officer that searched the informer did not check behind the ears and in the hair and the informer through the entire trial named officers who were not with him on the evening of the alleged offense, etc.

3. The Prosecutor led the informer during the entire trial on key evidence even over the sustained objections of the defense counsel.

4. The verdict is not supported by sufficient evidence to overcome a reasonable doubt as to guilt."

Ind. Rules of Procedure, Trial Rule 59(B) requires that all allegations of error "be specific" with an accompanying "statement of the facts and grounds upon which errors are based" either integrated into the motion or attached thereto. Additionally, TR. 59(G) declares that an issue which could have been raised in a motion to correct errors but which is raised for the first time on appeal, generally will be deemed waived.

In *Releford* v. *State* (1975), 163 Ind. App. 534, 325 N.E.2d 214, a case in which, as here, the defendant was convicted of the sale of narcotics, the court in addressing the issue of entrapment not raised in the defendant's motion to correct errors but presented on appeal, said:

"The only reference to the defense of entrapment is contained in Releford's only tendered instruction which was read to the jury without objection from the State. Inasmuch as Releford failed to adequately raise and preserve the issue of entrapment prior to his argument presented here on appeal, we must conclude that no error has been preserved for our consideration. (Citations omitted)." 325 N.E.2d at 216.

Moreover, in *Cheeks* v. *State* (1973), 155 Ind. App. 277, 292 N.E.2d 852, this court when confronted with the identical issue here presented, discussed entrapment "in passing", implying that entrapment must be specifically enumerated in a defendant's motion to correct error before it need be scrutinized by the court. *See Patterson* v. *State* (1975), 164 Ind. App. 484, 329 N.E.2d 630; *Payne* v. *State* (1976), 168 Ind. App. 394, 343 N.E.2d 325, 327 (Garrard, J., concurring).[2] *Cf. Telefare* v. *State* (1975), 163 Ind. App. 413, 324 N.E.2d 270; *Ervin* v. *State* (1972), 154 Ind. App. 89, 289 N.E.2d 131.

In the instant case the defendant, in her motion to correct errors, made no semblence of a reference to the issue of entrapment. Her only advertence thereto was at trial when moving for a "directed finding"[3] at the close of the state's case-in-chief. At no point thereafter was it ever discussed. Hence, this court must consider the alleged error waived.[4]

## II.

### SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence adduced at trial was insufficient to support a finding of guilty beyond a reasonable doubt.

Upon review, the evidence need not exclude every possible hypothesis of innocence. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

At trial the state presented a participant to the sale of the narcotic, who testified to the defendant's illegal dealing, and evidence as to the composition of the substance sold, more

2. Judge Garrard sees the "probable cause" issue in Indiana's entrapment defense as waived for appellate purposes, if no objection or request for a hearing on probable cause is made at trial. 343 N.E.2d at 339.

3. Ind. Rules of Procedure, Trial Rule 41(B).

4. Even if this court were to deliberate on the defense, we would be compelled to find the defendant was not entrapped as a matter of law. *Thomas* v. *State* (1976), 264 Ind. 410, 345 N.E.2d 835. Ironically, the informant in *Thomas* is the same informant as here, and his method of transacting differs insignificantly. There the court did not find entrapment as a matter of law and affirmed the conviction on appeal.

specifically a substance containing heroin. From these facts alone, it can be unequivocally asserted that the evidence was sufficient.

Judgment affirmed.

Buchanan, P.J., concurs; Hoffman, J., (sitting by designation) concurs.

NOTE.—Reported at 349 N.E.2d 722.