**Darrell ROBERTSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S206.**

Supreme Court of Indiana.

June 26, 1986.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief, Ind.R. P.C. 1. A jury found him guilty of two counts of robbery, class B felonies I.C. § 35–42–5–1 (Burns 1979 Repl.).

He received concurrent sentences of twenty years. This court affirmed his convictions on direct appeal in *Robertson v. State* (1981), Ind., 429 N.E.2d 258.

Appellant raises two issues: (1) whether the trial court committed fundamental error by permitting the State to amend the information, and (2) whether he was denied effective assistance of trial and appellate counsel.

In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State* (1975), 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State* (1980), Ind., 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is

without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

*Popplewell v. State* (1981), Ind., 428 N.E.2d 15.

## I

Appellant argues as fundamental error that the court of conviction denied him due process by permitting the State to amend the informations contrary to I.C. § 35–3.1–1–5(e). Appellant objected at trial; however, the issue was not raised in his Motion to Correct Error, nor was it argued on direct appeal.

I.C. § 35–3.1–1–5(e) provides:

(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the crime charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state a crime or legal insufficiency of the factual allegations. [I.C. 1971, § 35–3.1–1–5, as added by Acts 1973, P.L. 325, § 3, p. 1750.]

These are the facts pertinent to the issue. On August 14, 1980, appellant's first trial began. The State charged by information the following offenses:

Darrell Robertson, on or about the 14th day of March, A.D., 1980, at and in the County of Marion in the State of Indiana, Did knowingly take from the person or presence of Harold Todd, property, to-wit: United States Currency by putting Harold Todd in fear or by using or threatening the use of force on Harold Todd which resulted in bodily injury to Dennis Lewis, to-wit: Lacerations on his left side.

Darrell Robertson, on or about the 14th day of March, A.D., 1980, at and in the County of Marion, and the State of Indiana knowingly take from the person or presence of Charles Cheatham, property, to-wit: United States Currency by putting Charles Cheatham in fear or by using or threatening the use of force on Charles Cheatham which resulted in bodily injury to Dennis Lewis, to-wit: Lacerations on his left side.

As charged, the offenses, supra, are class A robberies, I.C. § 35–42–5–1. The State presented evidence of bodily injury and evidence that appellant committed the offenses, while armed. After the State rested, appellant moved for a directed verdict. The trial court granted this motion in part by ordering the charges reduced to class B robberies, I.C. § 35–42–5–1. The trial court gave final instructions only as to class C robbery and as to class B robbery, i.e. robbery committed while armed with a deadly weapon. The jury failed to reach a verdict; consequently, the trial court declared a mistrial.

On January 5, 1981, the State moved to amend the original informations so that they charged class B robberies. Appellant objected to the amendments on the grounds that they changed the theories of the prosecution as originally stated. The trial court overruled appellant's objections, and it granted the State's motion to amend. The amended informations are set forth here:

Darrell Robertson, on or about the 14th day of March, A.D., 1980, at and in the County of Marion in the State of Indiana, Did knowingly, while armed with a deadly weapon, to-wit: A Handgun, take from the person or presence of Harold Todd property to wit: United States Currency by putting Harold Todd in fear or by using or threatening the use of force on Harold Todd.

Darrell Robertson, on or about the 14th day of March, A.D., 1980, at and in the County of Marion, and the State of Indiana did knowingly, while armed with a deadly weapon, to-wit: A Handgun, take from the person or presence of Charles Cheatham property, to-wit: United States Currency by putting Charles Cheatham in fear or by using or threat-

ening the use of force on Charles Cheatham.

The jury returned guilty verdicts on the amended informations. The trial court entered judgments of conviction against him. He received two concurrent sentences of twenty years.

 We do not believe that the State's alleged contravention of I.C. § 35–3.1–1–5(e) rises to the level of fundamental error. The doctrine of "fundamental" or "plain" error requires that a substantial infringement of defendant's right to due process be shown. The error must be such that the defendant could not have had a fair trial. *Releford v. State* (1975), 163 Ind.App. 534, 325 N.E.2d 214. The statute's purpose is to protect a defendant from surprise and from substantial changes in the charges so that his right to notice of the charges is given additional protection.

Here, appellant had been previously tried on the charges before they were amended as though they contained the element of "commission while armed with a deadly weapon." The subsequent amendment of the charges was perfunctory in that the charges were brought into conformity with the trial court's action in the first trial of acquitting appellant of the greater class A robbery charges and instructing the jury at the close of the evidence on the lesser class B charges. Given these circumstances, appellant has not shown a substantial infringement of his right to due process. We cannot conceive of a defendant who had more notice of the charges against him and who had a greater opportunity to meet the State's evidence than appellant. The fortuitous event of a mistrial placed appellant in this advantageous position. Fundamental error is not present here, and this same conclusion follows when the amendment is viewed from the perspective of the first appeal and from the perspective of this post-conviction proceeding.

## II

Based upon the reasoning employed in resolving the first issue, it is clear that

appellant was not denied effective assistance of trial and appellate counsel. Assuming arguendo that trial and appellant counsels' actions were deficient, such actions did not prejudice his defense or his appeal. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2054, 80 L.Ed.2d 674; *Price v. State* (1985), Ind., 482 N.E.2d 719.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.