KENNETH WAYNE TAYLOR *v.* STATE OF INDIANA.

[No. 869S186. Filed March 5, 1971. Rehearing denied April 20, 1971.]

*Michael T. Dugan, II,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant was charged with first degree burglary. A trial by jury resulted in a finding of guilty as charged. Defendant was sentenced to the Indiana State Reformatory for not less than ten (10) nor more than twenty (20) years.

Appellant first contends the evidence was not sufficient to sustain the verdict. For that reason we set forth the substantive portions of the evidence.

On the morning of August 24, 1966, at approximately 10:00 a.m. the defendant and an accomplice were seen by several witnesses suspiciously walking and driving up and down Gerrard Drive in Indianapolis, Indiana. One witness saw them enter the front of a residence located on Gerrard Drive, after the accomplice used a screwdriver to pry the front door of the residence open. Three witnesses saw them run from the rear of the house carrying a large box into a field behind the house. Another witness saw them leaving in a car licensed to the defendant. A witness followed a path made by the two through the field behind the house and under some weeds found the box which the witnesses had seen being carried from the house. The box contained valuable old coins, a screwdriver and a pair of gloves. A short while later the defendant's car was located and he and an occupant were placed under arrest. Before trial, defendant's companion was extradited to Kentucky on a charge of first degree murder. All the witnesses testified at trial as to what they had seen, and the screwdriver and gloves were admitted in evidence. Evidence showed that the screwdriver fit the pry marks on the door. We find the evidence amply supported the verdict of the jury.

The appellant objected to the introduction as evidence the screwdriver and gloves found in the box. From the evidence related above it appears that the items were relevant to the evidence and the issues in the case. Therefore, we find no merit in the appellant's contention.

Finally it is contended that the defendant is entitled to a new trial because of newly discovered evidence. For such a

ground to be sufficient it must first be shown that through no failure of diligence on the part of appellant was this evidence not discovered prior to trial. 9 I.L.E., *Criminal Law*, § 547, p. 39. In the case before us the appellant knew at least ten days before trial where the accomplice was, namely, in the State of Kentucky under a charge of murder, first degree. There is no showing but what he could have attempted to take the deposition of this witness if he so desired. He did not ask for a continuance for that purpose. Rather, after the trial and after the appellant had lost his case, he then took the deposition of the witness, claiming as a result thereof that this witness would have testified he was not at the place of the crime at the time it was committed; in other words, an alibi, which was not pleaded.

The appellant also must show that the newly discovered evidence would reasonably and probably have resulted in a different verdict. *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625; *Rector* v. *State* (1934), 211 Ind. 483, 190 N. E. 172; *Fultz* v. *State* (1968), 250 Ind. 43, 233 N. E. 2d 243. In our opinion, the evidence is overwhelming which identifies the appellant in this case as participating in the burglary. We cannot see that it would have caused a different result in the trial.

Judgment affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 60.