BERNARD KEYTON *v.* STATE OF INDIANA.

[No. 1170S278. Filed February 3, 1972. Rehearing denied March 29, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant was charged by affidavit on June 6, 1968, with the crimes of Robbery and Robbery While Armed. On June 19, 1968, appellant filed a notice of alibi, to which the State filed its notice and statement on June 21, 1968. Appellant thereafter pleaded not guilty to both charges. On August 1, 1968, appellant filed an amended notice of alibi, to which the State filed its notice and statement on August 3, 1968. Appellant waived jury trial. Trial commenced on

August 13 ,1968, on Count II of the affidavit charging appellant with Robbery While Armed with a Deadly Weapon. At the close of the State's case in chief, appellant moved for a finding of not guilty and for discharge, which was overruled. Also, at the close of all the evidence, appellant moved for a finding of not guilty and for discharge, which was overruled. The trial court found the appellant guilty as charged in the second count of the affidavit and sentenced him to twelve [12] years at the Indiana State Prison. On September 13, 1968, appellant filed a Motion for a New Trial, which was overruled. On May 27, 1971, appellant filed an Amended Belated Motion to Correct Errors, which contained as a ground, an averment of "newly discovered evidence." Appellant's Motion to Correct Errors was thereafter overruled by the Court.

Appellant's appeal sets forth two issues for our consideration, they are as follows:

(1)    Whether there was sufficient evidence concerning the *identification* of the appellant as being the person who committed the crime charged;

(2)    Whether a new trial should have been granted appellant because of averred "newly discovered evidence."

We shall first consider appellant's contention that the evidence is insufficient concerning his identity as that of the man who committed the crime with which he was charged. In considering this contention we must do so in light of the rule that this court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Smith* v. *State* (1970), 255 Ind. 687, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed if having applied the rule there

is evidence of probative value, from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

The record discloses the following evidence relevant to our consideration of appellant's contention that there was insufficient evidence to prove his identity. On May 31, 1968, at approximately 9:00 p.m., Arthur Mabie and other employees of the Augusburger's Grocery Store were preparing to close the store. Mr. C. D. Lawson, father of one of the employees was parked at the front entrance of the store, sitting in his car waiting for his son. At this time two men disguised as women approached the store. One of the disguised men went to Mr. Lawson's car, the other entered the store. The man who entered the store, with handgun drawn, forced the employees into a large refrigeration room in the rear part of the store. Meanwhile the other man, with handgun drawn, forced Mr. Lawson from his car and into the store where he was placed in the refrigeration room with the others. The two men took wallets and money from all the employees, including a money bag containing some two thousand seven hundred and thirty dollars [$2,730.00] store receipts. Also, Mr. Mabie, the store manager, was forced to open the store safe, where some one thousand and five [$1,005.00] dollars was recovered by the men. After locking all the employees and Mr. Lawson in the refrigeration room, the men fled from the store. A few days after the robbery, a state police officer showed Mr. Lawson several photographs of suspects. Mr. Lawson picked out one photograph and stated that he thought it was that of the man who had approached his car and forced him in the store, during the robbery. The photograph picked out by Mr. Lawson was that of the appellant, Keyton. Mr. Lawson testified that at times he was two to three feet from the appellant when he was being escorted to the refrigeration room and that he had seen the appellant's face. Mr. Lawson testified that although

the appellant's face was disguised with make-up he could still recognize his features. Mr. Lawson again, in court, testified that appellant's "features resembled the man I seen the night of the robbery". The other victims of the robbery, the store employees, were unable to identify the appellant as being the man who escorted Mr. Lawson into the store because they were already in the refrigeration room and otherwise did not get a good look at him. At trial Harold E. Berkey testified that he was the man who first entered the store and forced the employees into the refrigeration room. He further testified that he was a former co-employee of the appellant and at times had lived with him. Harold Berkey testified that he had already pleaded guilty to the charge against him for having participated in the same robbery, with which the appellant was charged. Berkey testified that it was the appellant who had participated in the robbery of the grocery store with him. Appellant put several witnesses on the witness stand to prove that he was in Elwood, Indiana, at the time that the robbery took place in Syracuse, Indiana, some sixty miles away. These witnesses included his wife, his father and mother-in-law, and some employees of his.

Under this statement of the facts, although based on conflicting evidence, there was sufficient evidence from which the trier of the facts, the trial court, could conclude that it was the appellant who participated in the robbery.

We shall next consider appellant's urging that he should have been granted a new trial, because of avered "newly discovered evidence." There are two essential prerequisities which must be established by a party seeking a new trial based on the ground of newly discovered evidence. First, the newly discovered evidence must be such that it could not have been discovered before the trial by the exercise of due diligence on behalf of the party seeking the new trial. Trial Rule 59 (A) ; *Burns Ind. Stat. Ann.*, sec. 9-1903 ; 9 I.L.E., *Criminal Law*, sec. 547, p. 39 ; *Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 60. Secondly, it must be shown that

the newly discovered evidence is of such a nature that had it been admitted in the trial, it would reasonably and probably have resulted in a different verdict. *Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 60; *Fultz* v. *State* (1968), 250 Ind. 43, 233 N. E. 2d 243; *Rector* v. *State* (1934), 211 Ind. 483, 190 N. E. 172; and *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625. In the instant case appellant has not shown that the alibi evidence, allegedly newly discovered, could not have been discovered by the exercise of due diligence prior to his trial. Also, had the "newly discovered evidence" been admitted in the course of his trial, it would not have reasonably and probably resulted in a different verdict, as the newly discovered alibi evidence was merely cumulative and corroborative of other alibi evidence. Further, appellant's Belated Motion to Correct Errors states that the newly discovered evidence would show that at about 6:30 p.m. on the date of the alleged robbery, the appellant was in Elwood, Indiana, approximately sixty [60] miles from the site of the robbery. The Motion to Correct Errors is not verified to support such facts regarding newly discovered evidence. There is an affidavit attached to a Petition to File an Amended Belated Motion to Correct Errors that recites the same facts but it is not incorporated in the Amended Belated Motion to Correct Errors by reference thereto in any fashion. Technically, we do not have the question properly presented to us in a Motion to Correct Errors based on newly discovered evidence. We note, however, in passing that there is testimony that the robbery took place at closing time of the store, shortly after 9:00 p.m. For these reasons we find no error in the court's ruling denying a new trial.

Judgment of the trial court is affirmed.

All Judges Concur.

NOTE.—Reported in 278 N. E. 2d 277.