JOHN LEE GIBSON *v.* STATE OF INDIANA.

[No. 2-1072A83. Filed November 27, 1973.]

*Michael E. Hunt,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant appeals from a prison sentence of two to five years imposed on a verdict finding him guilty of second degree burglary and not guilty of safe burglary. We affirm.

The errors assigned and argued raise two issues: (1) Do the facts stated in the affidavit constitute the offense of second degree burglary and are those facts stated with sufficient certainty; (2) Was the defendant entitled to a pre-trial order to the State to furnish him copies of all witness statements and police reports.

Count I of the affidavit reads:

"The undersigned affiant, being first duly sworn on oath, says that on the 11th day of July, 1971, at the County of Tippecanoe, in the State of Indiana, John Lee Gibson, and Kenneth P. Smith, did then and there unlawfully, feloniously and burglariously break and enter the building and structure of BAUGHER REFRIGERATION, INC. located on Old Romney Road at R.R. 7, Lafayette, in said County and State, which building was not a dwelling house or place of human habitation, with the intent to commit a felony, therein, to wit: knowingly, unlawfully and feloniously obtain and exert unauthorized control over the property of said owner, intending to deprive the said owner permanently of the use and benefit of said property contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Defendant argues but two reasons for asking us to hold that his motion to quash should have been sustained: (1) The affidavit does not state how the defendants broke or entered the building; (2) The affidavit does not state what property defendants are alleged to have obtained and exercised unauthorized control over.

Taking these reasons in inverse order, it is quite apparent that defendant has misread the affidavit. It does not allege that control was exercised over any property, but that de-

fendants broke and entered with the intent to obtain and exercise unauthorized control over the property of Baugher Refrigeration, Inc.

It is breaking and entering with *intent* to commit a felony which constitutes the offense of burglary. It is never necessary to allege or prove that the intended felony was actually committed, and in many cases it never is. As was said in *Doss* v. *State* (1971), 256 Ind. 174, 267 N.E. 2d 385, 388, 25 Ind. Dec. 39, 42:

> "No one could allege with certainty what particular property a defendant charged with burglary intended to take if arrested after the breakin but before anything was taken. . . .
>
> ". . . It is not necessary in an affidavit charging second degree burglary to describe the thing or things intended to be so stolen. *Stokes* v. *State* (1953), 233 Ind. 300, 119 N.E.2d 424; *Suter* v. *State* (1949), 227 Ind. 648, 88 N.E. 2d 386."

As to the contention that the affidavit should have alleged "how" the defendant is charged with breaking into the building, he cites no burglary case, nor any case in point. Nor has he made a showing that burglary is an exception to the general rule that it is sufficient to charge the crime in the language of the statute. And while we find no Indiana burglary case in which this precise question has been raised, it has been held that it is sufficient to charge burglary in the language of the statute. *Lee* v. *State* (1938), 213 Ind. 352, 354, 12 N.E.2d 949. In fact it has been held proper to allege that the defendant "did 'unlawfully, feloniously, and burglariously break into the building' ", it being held that "to charge a man of breaking into a building is equivalent to alleging that he broke and entered into a building". *Lindsey* v. *State* (1965), 246 Ind. 431, 437, 204 N.E.2d 357.

In other states where the exact question has arisen it has been held sufficient to allege merely that the defendant did break and enter. *State* v. *Moss* (1909), 216 Mo. 436, 115

S.W. 1007; *Cress* v. *State* (Me. 1971), 281 A. 2d 460; *State* v. *Zammar* (Mo. 1957), 305 S.W.2d 441.

Defendant filed several discovery motions, most of which were granted. However, in conformity with *Antrobus* v. *State* (1970), 253 Ind. 420, 427, 254 N.E.2d 873, 876, the trial court refused to order the state to furnish witness statements to the defendant before the trial.[1] Defendant does not contend that the trial court violated binding precedent in this rule. Instead he argues:

> "As Indiana is advanced in some areas of discovery in criminal law, there is absolutely no reason to not extend the holding in the *Antrobus* case and allow prospective witnesse's statements along with police reports to be seen by defendant's counsel prior to trial. This would enable counsel to adequately prepare questions for both cross-examination and impeachment. The rule as it now stands permits him a mere brief look during the heat of the trial and in no way can he properly evaluate the prior statements and formulate cogent questions for the witness during any brief recess which the court may allow him to pursue the documents. Although the rule now permits defense counsel to examine these prior statements, it is in reality a sham in that he has no time in which to do so nor any time in which to prepare questions from his examination. Although counsel for the appellant admits this would be an advance in the law of Indiana, it is submitted that this would be a beneficial and workable advance in this area."

Aside from the obvious fact that it ill behooves an intermediate appellate court to consider amending or extending a rule so recently pronounced by our highest court, defendant's eloquent argument is blunted by the fact that he failed to

---

1. The *Antrobus* rule:

"With respect to a defendant's right to obtain such statements we hold the rule to be this: First, the defendant must lay the proper foundation for his motion or the trial court may properly deny it. An adequate foundation is laid when: (1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The statements relate to matters covered in the witness' testimony in the present case."

ask any witness (including several police officers) whether he had made a statement or report concerning the case and consequently made no attempt whatsoever to lay any basis for showing that he was in any way harmed by the trial court's ruling.

No error being shown the judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 303 N.E.2d 666.