GEORGE CLARK CABELL *v.* STATE OF INDIANA.

[No. 1-1273A223. Filed June 17, 1974.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Cabell) was convicted by a jury of the offense of Entering to Commit a Felony, IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956). Cabell's overruled motion to correct errors contends that the evidence is insufficient to sustain the conviction because there was no proof of his intent to commit a felony. We disagree.

Prior to a discussion of the sufficiency of the evidence, it should be noted that this court will not weigh the evidence but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888.

A review of the facts most favorable to the State are: Henry Hudson discovered upon his return from a stay in jail that his apartment had been burgled. Hudson notified the police and then started looking for the persons who had broken into the apartment. Hudson ran into Cabell who told him where the missing property could be located. Cabell eventually took Hudson to Myers' home where some of the property was discovered. Cabell and Myers began to argue about who broke into Hudson's apartment and took the property. Myers testified that he and Cabell entered Hudson's apartment through a broken window and removed two stereo speakers, clothes and other items. Myers said that Cabell had told him that the property belonged to him, but Hudson had possession of them as security for a loan made to Cabell.

Cabell had indicated he should have them for safekeeping while Hudson was in jail. Another witness testified to seeing Cabell standing near Hudson's apartment building with a set of stereo speakers. He also saw Myers handing clothes out the window to Cabell. Cabell did not have Hudson's permission to enter the apartment or remove any items therefrom. Hudson acknowledged that some of the items taken were security for a loan.

Cabell contends that his effort to safeguard his property is not a felony, therefore, the state failed to prove the essential element of his intent to commit a felony.

We are of the opinion that the jury heard evidence from which it could find that Cabell entered Hudson's apartment without permission and exerted unauthorized control over Hudson's property. This constitutes the felony of theft as defined by IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1973).

Hudson's interest in the property would categorize him as an "owner" as specified by IC 1971, 35-17-5-13 (12), Ind. Ann. Stat. § 10-3040 (12) (Burns Supp. 1973) which states:

> " 'Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property."

Moreover, Cabell's position of "part ownership" of the property is further diminished by IC 1971, 35-17-5-8, Ind. Ann. Stat. § 10-3035 (Burns Supp. 1973) in that:

> "(1) Generally. It is no defense to a charge of theft that the actor has an interest therein, when the owner also has an interest to which the actor is not entitled. . . ."

Remembering that a felonious intent may be inferred from the fact that a criminal act was committed by the defendant after his entry (*Farno* v. *State* [1974], 159 Ind. App. 627, 308 N.E.2d 724) we find that the evidence is sufficient to convict Cabell of Entering to Commit a Felony.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 312 N.E.2d 142.