DANIEL L. GORBETT *v*. STATE OF INDIANA.

[No. 2-674A131. Filed November 12, 1974.]

*Lawrence W. Gaston, Jr., Harrison, Moberly & Gaston,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Gorbett) appeals his conviction of second degree burglary. The only issue presented for review is whether the evidence is sufficient to sustain the essential elements of the crime charged.

For the reasons stated hereafter, the conviction is affirmed.

A summary of the facts favorable to the State is as follows: Pursuant to information received from a superior officer, two

Indianapolis police detectives went to the J. K. Dairy Queen on New York St., Indianapolis, and established surveillance of the premises. The only door was found secure upon their arrival, and the detectives positioned themselves in a nearby parking lot. The officers subsequently observed three subjects kick open the door and enter the building. By moving to a position near the front of the Dairy Queen, one of the policemen was able to clearly identify Gorbett as he rifled drawers inside the store.

At this same time, another officer arrived, and he also observed Gorbett inside the building with his hands in a drawer.

A third officer then arrived at the scene and saw Gorbett run out of the building and down an alley.

Gorbett was apprehended five or six blocks from the store, returned to the scene, and there identified by police as one of the persons observed in the store.

To obtain a conviction for second degree burglary, the State must show that the defendant broke and entered a structure other than a dwelling place, and that he possessed an intent to commit a felony therein. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (b) (Burns 1956). Gorbett contends the circumstances here involved do not support a finding that he possessed the requisite intent of committing a felony. He places particular emphasis on the fact that when apprehended, he did not have property from the store on his person. Thus, he argues that this is a key fact which negates any finding of criminal intent.

It is the rule in this state that intent may be inferred from circumstances which allow such an inference. *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366; *Luckett* v. *State* (1973), 158 Ind. App. 571, 303 N.E.2d 670. In the present case, Gorbett was observed inside a store following a forcible entry; at least two policemen saw him rifling drawers inside the store. Finally Gorbett was confronted at close range as he ran out the back door of the

building past a police officer. Given such facts it is clear that the trial court could have properly inferred that he was inside the store with the intent to permanently and unlawfully deprive the store owner of property within the store.

That Gorbett was not carrying property from the store when apprehended does not alter our conclusion. Our Supreme Court has held that a conviction under the burglary statute does not require a showing that property was carried away. *Combs* v. *State, supra. See also Shropshire* v. *State* (1972), 258 Ind. 70, 279 N.E.2d 219.

The element of breaking and entering is also sustained by the evidence. Direct observation of a forcible entry, and subsequent inspection showing a splintered and shattered door frame is sufficient to support this particular element of the crime.

In light of the above, we find the evidence sufficient to sustain the conviction.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 318 N.E.2d 592.