ERNEST E. DAVIS *v.* STATE OF INDIANA.

[No. 2-874A200. Filed December 12, 1974.]

*Palmer W. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Davis) is appealing his conviction of first degree burglary by raising the issue of whether the trial court's judgment was supported by sufficient evidence. We hold that it was.

The facts favorable to the State are: After checking to ascertain that all the doors and windows were closed Mrs. Orton retired for the night. At about 3:45 A.M. she was awakened by a noise downstairs. She then heard someone start and drive away in her brother-in-law's automobile which was parked in front of her house. Mrs. Orton went downstairs and found the front door and a dining room window open. A number of items were missing from the house.

Davis was arrested later in the day while driving the stolen car. The items missing from the Orton's home were in the car.

Additionally, Davis fingerprints were found on the opened dining room window.

Davis argues that there was a failure to prove an actual breaking and that the Orton's home was a place of human habitation, both being essential elements of first degree burglary as defined by IC 1971, 35-13-4-4(a), Ind. Ann. Stat. § 10-701(a) (Burns 1956).

The breaking is properly inferred from Davis' fingerprints on the opened window which he had not been authorized to enter. The slightest force may constitute breaking. *Cockerham* v. *State* (1965), 246 Ind. 303, 204 N.E.2d 654.

We further hold that the evidence was sufficient to allow the trier of fact to determine the Orton's home was a "dwelling house or other place of human habitation" as evidenced, for example, that Mrs. Orton and her entire family slept there. *See Holding* v. *State* (1963), 244 Ind. 75, 190 N.E.2d 660.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 319 N.E.2d 673.