JACQUELINE R. SMITH *v.* STATE OF INDIANA.

[No. 3-774A116. Filed July 15, 1975.]

*Bruce F. Bloom, Bloom & Bloom,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant Smith contests her conviction of possession of heroin, IC 1971, 35-24-1-2, Ind.Ann.Stat. § 10-3520 (a) (Burns 1956), contending the evidence was not sufficient to infer possession.

We affirm.

The record reveals that a department store clerk became concerned that Smith was changing price tags and notified security. To reinforce that suspicion, the particular dressing room Smith was to use was inspected and found empty. Smith then entered the area and the security officer observed through the door louver that she was changing the tags. *Immediately* on Smith's leaving the room, the security officer re-entered and discovered a plastic container with money both in and

around it. The container and the money were then given to the department store clerk.

The container had a five-dollar ($5.00) bill wrapped around the outside, and thirty dollars ($30.00) inside along with numerous foil packets. Suspecting possible narcotics, another security officer was notified and followed Smith to another store in the mall area and observed her acting as if she had lost something. She then returned to the department store and asked for her money, then proceeded to search the dressing room. The security officer followed her to an adjoining store and specifically heard her inquire for thirty-five dollars ($35.00). Just as Smith was about to leave in her vehicle, the security officer requested identification and received her name and address from her driver's license. She was subsequently arrested when the foil packets were tested and found to be heroin.

When this Court is requested to review the sufficiency of the evidence, it looks only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60; *Keyton* v. *State* (1972), 257 Ind. 645, 278 N.E.2d 277; *Cabell* v. *State* (1974), 160 Ind. App. 406, 312 N.E.2d 142; *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92; *Caywood* v. *State* (1974), 160 Ind. App. 346, 311 N.E.2d 845. In examining the evidence presented, this Court will consider inferences drawn therefrom reasonable if there was substantial evidence of probative value presented, *Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Releford* v. *State* (1975), 163 Ind. App. 534, 325 N.E.2d 214; *Birkla* v. *State* (1975), 263 Ind. 37, 323 N.E.2d 645, but if the State fails to prove an essential element of the offense, or an inference necessary to sustain the conviction is unreasonable, then reversal is warranted. *Lottie* v. *State* (1974), 262 Ind. 124, 311 N.E.2d 800; *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109.

When the particular issue involved includes possession, it must be remembered that constructive as well as actual pos-

session is sufficient, and may be inferred from the presentation of circumstantial evidence. *Jones* v. *State* (1975), 163 Ind. App. 454, 324 N.E.2d 828; *Phillips* v. *State* (1974), 160 Ind. App. 647, 313 N.E.2d 101.

From the evidence presented, it is reasonable to infer that Smith was in possession of the heroin. Drugs and money were not present before her entry and were discovered immediately after her exit. She then returned to the store and asked for her money, thus reinforcing the argument that she knew of the money and the drugs, since the drugs were inseparable from the container. From this evidence we must find that substantial evidence of probative value was presented to infer possession of drugs.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

NOTE.—Reported at 330 N.E.2d 771.