CHARLES GOOCH *v.* STATE OF INDIANA.

[No. 2-1274A305. Filed July 28, 1975. Rehearing denied September 11, 1975.]

*Richard D. Gilroy, Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant-defendant Gooch appeals from his conviction of First Degree Burglary, IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701, (Burns 1956), contending the evidence was not sufficient to infer the element of breaking and entering.

We affirm.

The record reveals that the occupant of the premises here involved closed and secured the entrance way before he left for work. The State's key witness, the landlady, then related that when she observed someone in Gooch's apartment attempting to open a permanently closed window, she entered the kitchen area, which divided the two apartments.

As she entered the common kitchen, she observed Gooch through the now opened door of the other occupant's room and saw that the clothes hangers were empty but quivering as if someone had just removed the clothing.

She inquired as to where the occupant's clothing was, whereupon, Gooch, as he proceeded to leave the apartment and enter the kitchen area, exclaimed that he did not take the clothing. He then attempted to coax her to come into his room to check for the missing clothing, but she refused, believing he was possibly on drugs.

The landlady then left the premises and immediately called the police. She continued to observe the apartment, while she stood in her home, and saw Gooch and another person, hurriedly leave the premises, with clothing, a TV, and a stereo, all belonging to the other occupant. In their haste, numerous items of clothing were dropped on the ground, but Gooch returned and retrieved the items, leaving just before the police arrived.

The investigating officer testified that the door lock mechanism was defective. Although it could be locked, it was not secure because with several hard blows, it would open.

When this Court is requested to review the sufficiency of the evidence, it will look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. *Martin* v. *State* (1974, 262 Ind. 232, 314 N.E.2d 60; *Keyton* v. *State* (1972), 257 Ind. 645, 278 N.E.2d 277; *Cabell* v. *State* (1974), 160 Ind. App. 406, 312 N.E.2d 142; *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92; *Caywood* v. *State* (1974), 160 Ind. App. 346, 311 N.E.2d 845. In examining the evidence presented, this Court will consider inferences drawn therefrom reasonable if there was substantial evidence of probative value presented. *Birkla* v. *State* (1975), 263 Ind. 37, 323 N.E.2d 645, *Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Releford* v. *State* (1975), 163 Ind. App. 534, 325 N.E.2d 214.

The elements of First Degree Burglary are breaking and entering into a dwelling house or a place of human habitation with the intent to commit a felony therein. *Lamb* v. *State* (1974), 162 Ind. App. 181, 318 N.E.2d 587; *Berry* v. *State* (1972), 153 Ind. App. 387, 287 N.E. 2d 557. As to the element of breaking and entering, it is not necessary to show forcible entry, only that some physical act was used to gain entry. *Davis* v. *State* (1974), 162 Ind. App. 401, 319 N.E.2d 673. Neither must it be shown that an actual felony was committed, only an intent to commit a felony. *Gorbett* v. *State* (1974), 162 Ind. App. 164, 318 N.E.2d 592. Each of these elements may be proved by circumstantial evidence. *Giles* v. *State* (1974), 162 Ind. App. 639, 320 N.E.2d 806; *Windle* v. *State* (1974), 161 Ind. App. 322, 316 N.E.2d 388.

From the circumstantial evidence presented to the trial court in this particular case, it is reasonable to infer that Gooch had forcibly entered the apartment with the intent to commit a felony, to-wit: Theft. The occupant of the apart-

secured. The landlady, upon entering the kitchen common area, observed Gooch within the occupant's apartment. These facts and reasonable inferences therefrom support a finding that Gooch broke and entered the other occupant's apartment.

Similarly, the requisite intent to commit a felony therein may be inferred from the fact that all of the occupant's clothing had been removed from the hangers and that Gooch was observed leaving the apartments with clothing, a television, and a stereo unit belonging to the other occupant. Felonious intent at the time of the entry may be inferred from the criminal acts committed after entry. *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724. The evidence here is supportive of a finding that Gooch entered with the intent to commit theft. *Beard* v. *State* (1975), 164 Ind. App. 210, 327 N.E.2d 629.

From this evidence, we must find substantial evidence of probative value was presented to infer that Gooch forcibly entered the apartment and removed the occupant's clothing, satisfying the elements of first degree burglary.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

NOTE.—Reported at 331 N.E.2d 467.