WILLIAM ROBERT LONG, JR. *v.* STATE OF INDIANA.

[No. 1-375A53. Filed October 20, 1975.]

*Donald R. Peyton,* of Lebanon, for appellant.

*Theodore L. Sendak,* Attorney General, *Lawrence B. O'Connell,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant, Long, appeals from his conviction of second degree burglary, IC 1971, 35-13-4-4, Ind.

Ann. Stat. § 10-701 (Burns 1956), contending the evidence was not sufficient on the element of intent to commit a felony therein.

We affirm.

The facts most favorable to the State are: On May 10, 1973, defendant was observed outside the Model Sports Center in Lebanon, Indiana, by Officer Large of the Lebanon Police Department. The officer saw defendant first look around and then proceed to throw a large piece of concrete through the lower pane of the Sports Center's front door. Defendant again looked around, stepped through the broken part of the door, and then dropped his right shoulder down to go through the opening. At that time, the officer identified himself as a police officer and ordered defendant to stop.

After warning the subject, the subject fled. The officer again warned the subject, but as he continued to run, the officer shot him. The officer's testimony disclosed that defendant had a man's sock covering one hand and another sock was lying in the gutter.

When this Court is requested to review the sufficiency of the evidence, we will look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60; *Keyton* v. *State* (1972), 257 Ind. 645, 278 N.E.2d 277; *Cabell* v. *State* (1974), 160 Ind. App. 406, 312 N.E.2d 142; *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92; *Caywood* v. *State* (1974), 160 Ind. App. 346, 311 N.E.2d 845. In examining the evidence presented, this Court will consider inferences drawn therefrom reasonable if there was substantial evidence of probative value presented. *Birkla* v. *State* (1975), 263 Ind. 37, 323 N.E.2d 645, *Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Releford* v. *State* (1975), 163 Ind. App. 534, 325 N.E.2d 214.

The elements of second degree burglary are: (1) breaking (2) and entering (3) into a building or structure other than a dwelling house or place of human habitation (4) ■ with intent to commit a felony therein. *Cook* v. *State* (1973), 258 Ind. 667, 284 N.E.2d 81; *Reas* v. *State* (1975), 163 Ind. App. 316, 323 N.E.2d 274; *Gorbett* v. *State* (1974), 162 Ind. App. 164, 318 N.E.2d 592.

Defendant contends that evidence of breaking and entering, without more, is not sufficient to prove an intent to commit a felony. *Faulkner* v. *State* (1973), 260 Ind. 82, 292 ■ N.E.2d 594; *Crawford* v. *State* (1968), 251 Ind. 437, 241 N.E.2d 795; *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6; *Nichols* v. *State* (1973), 157 Ind. App. 605, 301 N.E.2d 246. Similarly, evidence of flight alone may not be used to infer the element of intent, since flight simply indicates a consciousness of guilt or fear of being apprehended on the part of the subject for breaking and entering as well as for burglary. *Faulkner* v. *State, supra.* However, if flight is combined with other circumstantial evidence which sustains the crime charged, *then* flight may be used to infer a guilty knowledge. *Sargent* v. *State, supra.*

Since intent is a subjective state of mind, this element must be inferred from the circumstances of the particular case. *Chapman* v. *State* (1975), 163 Ind. App. 137, ■■ 321 N.E.2d 863; *Lamb* v. *State* (1974), 162 Ind. App. 181, 318 N.E.2d 587; *Martin* v. *State* (1973), 157 Ind. App. 465, 300 N.E.2d 671; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459. It is not necessary to show that an actual felony has been committed, only that the defendant had the intent to commit a felony. *Gorbett* v. *State, supra;* *Gibson* v. *State* (1973), 158 Ind. App. 575, 303 N.E.2d 666.

In the case at bar, Officer Large testified that defendant wore a sock on one hand and another sock was lying beside

him in the gutter. A jury could reasonably infer that covering one's hands with socks in May was for the purpose of avoiding detection in the commission of a felony. Further, it was evidence of appellant's intention to commit a felony after he had gained entrance into the structure. The jury could then infer from the defendant's subsequent flight his guilty knowledge of the crime charged.

We must conclude that the evidence above related gives rise to an inference that the defendant was attempting to avoid detection. Such inference is entirely reasonable and supported by substantial and probative evidence.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

NOTE.—Reported at 335 N.E.2d 631.