GREGORY LEWIS *v*. STATE OF INDIANA.

[No. 776S204. Filed June 10, 1977.]

*Randy W. Young, Esquire, Messrs. Christoff & Cornelius,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with armed robbery. Trial by jury resulted in a verdict of guilty as charged. Defendant was sentenced to a determinate term of twelve years. The sole question raised by this appeal is whether or not the trial court erred in failing to give appellant's tendered instruction number 10. Said instruction reads as follows:

"The evidence in this case raises the question of whether the defendant was in fact a criminal actor and necessitates your resolving any conflict or uncertainty in testimony on that issue.

"Personal identification evidence is doubtful at best and should be subject to close scrutiny. It is naive to say that any person could be absolutely certain of the identification of another person whom they had never known previously and had observed only in a brief period of excitement and great tension. All testimony of such a nature should be closely scrutinized by the jury so that it may properly evaluate its contents."

The language of this instruction is taken from the case of *Stinson* v. *State*, (1974) 262 Ind. 189, 313 N.E.2d 699. There were two victims to the armed robbery, one of whom testified that he did not get a clear look at the robber and was thus unable to make a positive identification. The other victim testified that she did get a good look at the robber during the course of the robbery and that she later identified the appellant from photographs exhibited to her by the police department. She also made a positive in-court identification of the appellant.

Because of the presence of this personal identification at the trial, the appellant claims he was entitled to the tendered instruction number 10. The language in the *Stinson* case was not intended by the Court to be a stock instruction in criminal cases. The language was written in holding that there was no violation of due process in admitting in-court identification so long as competent and thorough examination of the witness was available to test the doubts and uncertainties which the witness might have concerning identification. Appellant claims the content of instruction number 10 was not covered by other instructions. However an examination of the record in this case discloses that appellant's instructions numbered 2, 3, 6 and 8, which were given by the court, cover the general subject of burden of proof, the credibility of witnesses and the weight of the evidence. This was the type of instruction to which the appellant was entitled on this subject. To the extent that appellant's instruction number 10 could be construed as being a proper statement of the law, it was covered by other instructions given; therefore, the refusal of the trial court to

give the instruction number 10 was not error. *Damrell* v. *State,* (1976) Ind. App., 352 N.E.2d 855.

Appellant claims that instruction number 10 should have been given because there was a real question as to the trustworthiness of the in-court identification. This is a conclusion of the appellant which is not necessarily borne out by the record. In any event, the question of the credibility of the evidence is a matter for the jury to determine. It would have been improper for the trial judge to single out any particular witness or a particular part of the testimony for emphasis in instructing the jury. *Keyton* v. *State,* (1972) 257 Ind. 645, 278 N.E.2d 277; *Kimble* v. *State,* (1974) 262 Ind. 522, 319 N.E.2d 140. We therefore hold the trial court did not err in refusing to give appellant's instruction number 10.

The trial court is therefore affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1230.