**Joseph Henry FRY, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1081S314.

Supreme Court of Indiana.

April 14, 1983.

Charles G. Read, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Armed Robbery, Ind.Code § 35–42–5–1 (Burns 1979), and sentenced to thirty (30) years imprisonment and a fine of five hundred dollars ($500.00). This direct appeal presents the following issues:

(1) Whether the trial court erred in allowing the victim to relate the nature of his injuries.

(2) Whether the trial court erred in allowing the State to ask Defendant if he had altered the appearance of his hair within a few days prior to the trial.

(3) Whether the trial court erred in admitting a photograph, State's Exhibit 3, asserted to be gory and inflammatory.

(4) Whether the trial court erred in modifying Defendant's tendered final instruction No. 7 and refusing Defendant's tendered final instruction No. 8, both of which treated the subject of identification testimony.

(5) Whether the evidence was sufficient to sustain a finding that property had been taken.

(6) Whether the trial court erred in imposing a fine upon Defendant without first determining Defendant's status as an indigent.

\* \* \*

## ISSUES I & II

Under one heading in his Brief, Defendant asserts two unrelated incidents in the record which he claims constituted evidentiary harpoons.

■ Defendant interposed an objection in the middle of the victim's narrative answer to a specific question as to whether he had remained in a hospital for treatment. The victim had begun to relate that the physicians, specialists, had been unable to agree upon whether to remove both of the bullets which had lodged in his body. Defendant argued that the occurrences at the hospital were not relevant, and the State responded that such evidence was relevant to whether a serious bodily injury had been inflicted, the element necessary to raise the crime to a Class A felony. The objection was overruled and the victim related the following:

"Q. And once you were transferred to Suburban Hospital did you remain there for treatment?

"A. Yes I did, I was there for four days. * * *

"Q. Did you undergo surgery at Suburban Hospital?

"A. No sir, they decided to leave both bullets where they were. This one was going to do no damage, it was, you know, in a safe enough place, there was no reason to take that out. This one had shattered as well as shattered my joint and it would have been a lot of trouble to try and extract it.

"Q. Now as of today have either of the bullets been removed from your body?

"A. No they have not."

This testimony was straightforward and did not embellish upon gory details. It was relevant to establish the infliction of serious bodily injury as charged in the information, and the trial court did not err in allowing it. *Haggenjos v. State,* (1982) Ind., 441 N.E.2d 430, 432. (Cases cited therein).

The second asserted harpoon occurred upon cross-examination of the defendant, when the State asked if he had done anything to change the appearance of his hair shortly before the trial. Defendant answered the questions in the negative. His answers tended to contradict the testimony of the victim that Defendant's hair appeared different in court than it had at a line-up, and counsel implicitly acknowledged the contradiction in his objection:

"MR. READ: * * * There's been some testimony that Mr. Fry's hair was kinky at the day of the line-up but, you know, that testimony is in the record and I don't think that expounding on the subject or asking Mr. Fry how do you straighten kinky hair is appropriate.

"MR. LAZINSKY: It is Your Honor if I'm attempting to show the defendant has made a deliberate effort to change his appearance before trial."

■ The State's response reflected a correct understanding of the law as stated in *Davidson v. State,* (1933) 205 Ind. 564, 569, 187 N.E. 376, 378:

"Any statement or conduct of a person indicating a consciousness of guilt, where at the time or thereafter he is charged with or suspected of the crime, is admissible as a circumstance against him on trial. Evidence of circumstances, which are part of a person's behavior subsequent to an event with which it is alleged or suspected he is connected with or implicated in, are relevant if the circumstances are such as would be natural and usual, assuming the connection or implication to exist."

Consequently, if Defendant did alter his appearance after he had been charged, that action would be relevant to a consciousness of guilt; however, if he had not, as he claimed, the mere mention of the possibility, already at issue by virtue of the victim's testimony, could not have harmed him. The record discloses no harpoon, and the trial court did not err in overruling Defendant's objection.

## ISSUE III

■ Defendant next assigns error to the admission of a photograph, which depicted

the scene of the crime. The photograph had been taken on the night of the crime and consequently depicted a large quantity of blood, which the victim had lost after he had been shot, at close range, while standing behind a store counter. Defendant argues that the photograph was very gory and was introduced solely to inflame the jury. Apart from the blood, the photograph oriented the jury to the scene of the shooting and tended to corroborate the victim's testimony concerning the events. Perhaps most importantly, with the explanation of an investigating officer, it depicted the location of a "trap door" safe, which may have been one of the bandit's targets. The victim had been standing near the safe at the time he was shot and the defendant had admitted having been in the store on more than one occasion prior to the time of the robbery. The photograph had substantial evidentiary value, apart from its asserted gruesomeness, and the trial court committed no error in admitting it. *Paige v. State,* (1982) Ind., 441 N.E.2d 438, 440.

### ISSUE IV

Defendant next assigns error to the trial court's modification of his tendered final instruction No. 7 and its refusal of his tendered final instruction No. 8. The trial court deleted the italicized portions of No. 7:

### "INSTRUCTION NO. 7

"You, the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

"Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

"In appraising the identification testimony of a witness, you should consider the following:

"(1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

"*Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past.*

"(2) Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection? *You may take into account both the strength of the identification, and the circumstances under which the identification was made.*

"*If the identification by the witness may have been influenced by the circumstances under which the Defendant was presented to him for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the next opportunity of the witness to see defendant, as a factor bearing on the reliability of the identification.*

"(3) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

"*I again emphasize that* (T)he burden of proof on the prosecutor extends to every element of the crime charged, and this specifically includes the burden of proving beyond a reasonable doubt the identity of the defendant as the perpetrator of the crime with which he stands charged. *If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find the defendant not guilty.*"

### DEFENDANT'S INSTRUCTION NUMBER 8

"Personal identification evidence is doubtful at best and should be subject to close scrutiny. All testimony of such a nature must be subject to extensive cross-examination in order that the jury may properly evaluate its content."

■ We find no error in the trial court's actions. Although Defendant relies upon *United States v. Telfaire,* (1972) 152 U.S. App.D.C. 146, 149, 469 F.2d 552 (per curiam) as authority for instruction No. 7, the court did not give a blanket approval to the instruction, and it has been rejected in favor of a more general instruction upon the credibility of the witnesses. *Wooten v. State,* (1981) Ind.App., 418 N.E.2d 538, 541–42 (trans. denied). The deleted portions of the instruction focused upon issues, which Defendant undoubtedly believed favored his defense. Within context, the trial court's mere mention of such issues might have effectively stressed those issues, to the exclusion of other facts and circumstances, which the jury may and should consider upon the issue of the identification of the perpetrator. The instruction, as modified, had no potential for invading the province of the jury as the judge of the credibility of all of the evidence as it related to the issue of identification. *See Lewis v. State,* (1977) 266 Ind. 371, 373, 363 N.E.2d 1230, 1231; *Hackett v. State,* (1977) 266 Ind. 103, 108, 360 N.E.2d 1000, 1003.

■ As authority for instruction No. 8, Defendant relies upon *Stinson v. State,* (1974) 262 Ind. 189, 191, 313 N.E.2d 699, 701; however, where, as here, the jury is otherwise properly instructed upon the subjects of credibility of the witnesses, the burden of proof, and the weight of the evidence, there is no error in the refusal of this instruction. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172, 1183; *Lewis v. State, supra.*

### ISSUE V

Defendant next contends that the evidence was insufficient to sustain the conviction because nobody saw him take anything from the store, and he was not in possession of any of the stolen money when he was arrested.

■ The victim testified that after he had been shot, he fled the store. The cash drawer was closed and contained paper money, and the trap doors to two safes were also closed. When he was outside the store, he turned around and observed the Defendant reaching over the counter into the cash register, which had a key located alongside it. The owner of the store testified that he arrived at the scene at 11:30 p.m., less than thirty minutes after the assault. Both safes and the cash register were then open, and the cash register contained only coins. The owner explained how the safes worked and that sixty dollars ($60.00) was missing from one of them. He added that the victim did not know the safes' combinations and did not have the keys. The following morning the owner prepared a routine "daily cash report" and, in the process, discovered that three hundred twenty-five dollars ($325.00) was missing. The evidence, though circumstantial, was adequate to allow the jury to find, beyond a reasonable doubt, that Defendant had taken money as charged in the information. *Ayers v. State,* (1980) Ind., 400 N.E.2d 143, 146; *Hilligoss v. State,* (1970) 253 Ind. 443, 447, 255 N.E.2d 101, 104. *See Jackson v. State,* (1973) 260 Ind. 61, 64, 291 N.E.2d 892, 893.

### ISSUE VI

■ Defendant's last assignment of error is without merit. Contrary to his assertion, with respect to the fine, he was determined to be indigent and faces no risk of imprisonment for failure to pay the fine. The judgment reads in pertinent part:

"The Defendant being indigent shall not be imprisoned for failure to pay any such costs and fine."

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.