Terry ANDERSON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1185S494.

Supreme Court of Indiana.

Nov. 20, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Terry Anderson was convicted at the conclusion of a jury trial in the Marion Superior Court of robbery and confinement, class B felonies. He was sentenced to two terms of twenty (20) years each, to be served concurrently. On direct appeal, the following issues are raised:

1. whether Appellant was effectively represented by counsel;

2. whether the conviction is supported by sufficient evidence; and

3. whether the jury was improperly instructed.

On November 18, 1984, a black adult entered Milo's Beauty and Barber Supply

on East 21st Street in Indianapolis. He pulled out a gun, took money from the cash register, forced the assistant manager into a closet in the back room, and fled. The victim gave a detailed description to the police. She subsequently made at least three identifications of Appellant as the man who robbed and confined her.

## I

Appellant maintains he was afforded ineffective assistance of counsel at trial. His argument is conclusory and unsupported by evidence in the record.

We have held consistently that the guidelines for determining competency of counsel require deciding whether counsel's performance was so deficient that he was not functioning as counsel as guaranteed by the Constitution, and if so, whether this failure to function as counsel was so prejudicial as to deprive the defendant of a fair trial. Both poor performance and prejudice must be shown. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 978. Appellant's argument fails on both points.

Appellant's argument is, for the most part, a collection of conclusory accusations which do not rise to the level contemplated in *Hestand,* including: counsel was "overwhelmed by the proceedings and prosecutor"; was "probably confused"; and "did not have a working knowledge of criminal procedure." Appellant attempts to support his argument by a list of references to the record, and by quoting a lengthy dialogue between both attorneys and the judge, none of which show inadequate representation by counsel. Furthermore, there is no showing of prejudice. In addition, Appellant points out trial counsel's confusion as to whether a photograph or merely a copy had been provided during discovery. Appellant makes absolutely no showing of how he was prejudiced thereby, especially in light of the other positive identifications which the victim made on a number of occasions. Again, Appellant has not met the standard set forth in *Hestand.*

We further recognize that trial counsel acted positively on Appellant's behalf, filing pretrial motions, tendering preliminary and final instructions, cross-examining State's witnesses, and presenting five witnesses to establish Appellant's alibi defense and a witness who impeached the credibility of the State's key witness.

## II

Appellant also contends there was insufficient evidence to support his conviction. He specifically argues that the State failed to prove beyond a reasonable doubt: 1) the victim was threatened with force or placed in fear; and 2) the victim was forced to go anywhere. The sum total of his argument is that the record is silent as to both of these points.

A reading of the record reveals evidence to the contrary. The victim testified Appellant brandished a gun and threatened her. Furthermore, she testified she was "scared" and she thought she "was going to get [her] brains blew out." The record also reveals that the victim was forced into a back closet at gunpoint. This evidence sufficiently supports the jury's finding that the victim was threatened with force or placed in fear, and that she was confined as contemplated in Ind.Code § 35–42–3–3, the statute by which Appellant was charged.

## III

Appellant also alleges the trial court erred in giving the jury Final Instruction No. 13, as follows:

"You, the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief or impression by the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

In appraising the identification testimony of a witness, you should consider the following:

(1) Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender?

(2) Are you satisfied that the identification made by the witness subsequent to the offense was the product of his own recollection?

(3) Finally, you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful, and consider whether he had the capacity and opportunity to make a reliable observation on the matter covered in his testimony."

He concedes the instruction is a proper statement of the law, but seeks review as to whether the instruction is "tremendously involved" so as to constitute reversible error.

We find that it is not. We approved of this exact instruction in *Fry v. State* (1983), Ind., 447 N.E.2d 569, 572–573, and here renew our approval.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.